HOWARD v. THE CITY OF ST. LOUIS, *Appellant.*

1. **Scheme and Charter:** INSANE ASYLUM: PAY OF PHYSICIAN: CONTRACT. Plaintiff was, prior to the adoption of the scheme and charter, separating the city from the county of St. Louis, appointed by the county court resident physician of the insane asylum. Pending litigation to determine the question of the adoption of the scheme and charter, the county court commanded plaintiff to obey

its orders in regard to the management of the asylum, and the mayor of the city of St. Louis ordered him to obey the city authorities in its management, and plaintiff signified his willingness to obey the latter. If the scheme and charter was adopted the asylum fell within the limits and under the jurisdiction and control of the city. Pending this conflict of authority the county court and mayor agreed that plaintiff should remain in the building, but that another should act as resident physician until the determination of the controversy and should continue to so act if the decision was against the adoption of the scheme and charter, but if in favor of its adoption plaintiff should be reinstated. *Held,* that plaintiff was legally in office under the city after receiving the mayor's order; but upon a decision in favor of the adoption of the scheme and charter, he could not recover from the city his salary during the continuation of the agreement, that he was virtually suspended by it and that the mayor had authority to suspend or remove him under section 9, of the scheme and charter, and was justified in so doing in order to avert the serious consequences that might arise from the conflict of authority between the city and the county.

2. ——— : ——— : ——— : ———. Plaintiff was entitled to be paid his salary by the city from the date of the mayor's order to the date of the agreement.

## *Appeal from St. Louis Court of Appeals.*

REVERSED.

*Leverett Bell* for appellant.

This is an action to recover the salary of the plaintiff as physician of the insane asylum for the months of February, March and April, 1877. The agreed case admits that during all of said period, except the last ten days of April, 1877, said position was filled by Dr. Charles W. Stevens, and that said Stevens was paid from the public treasury the salary attached to the office for the time served by him as aforesaid. The plaintiff, therefore, is not entitled to recover for the term during which Dr. Stevens held the office and received the salary. *Westburg*

*v. Kansas City*, 64 Mo. 493; *Terhune v. Mayor*, 88 N. Y. 247. It is of no importance whether Dr. Stevens was rightfully or wrongfully in office. The plaintiff was not actually in office during the period mentioned. Another person held the position and received from the public treasury the salary attached to the office. The public cannot rightfully be charged with the payment of a salary to two persons for one office, during the same term of service. The instruction offered by the defendant, limiting the plaintiff's recovery to the ten days of the month of April, 1877, is the law of the case. The judgment should be reversed and a new trial ordered.

*T. K. Skinker* for respondent.

(1) If Dr. Stevens had been paid by the city for the whole period in dispute, that would not prevent plaintiff's recovery in this action. Scheme and Charter, section 9. It is well settled that the emoluments of office are incident to the title, and not to the usurpation or colorable possession; and the fact that they have been paid to the usurper is no bar to recovery by the person legally entitled to the office in an action against the municipality. *State v. Carr*, 3 Mo. App. 7; *People v. Tieman*, 30 Barb. 195; 8 Abb. Prac. 359; *Dorsey v. Smith*, 28 Cal. 21; *People v. Oulton, Ib.* 44; *Carroll v. Siebenthaler*, 37 Cal. 195; *Memphis v. Woodward*, 12 Heisk. 499; *McCue v. Wapello County*, 56 Iowa, 698, 703; *Auditors v. Benoist*, 20 Mich. 176; dissenting opinion of Cooley, J.; *Matthews v. Supervisors*, 53 Miss. 721. Where a lieutenant-governor has improperly intruded into the govnership and exercised the functions of governor, the latter officer has, in two cases, been allowed to draw the salary, notwithstanding it has already been paid to the former. *State ex rel. Warmoth v. Graham*, 26 La. An. 568; *State ex rel. Crittenden v. Walker*, 78

Mo. 139, 144. The fact that plaintiff did not actually render any services during most of the period does not deprive him of the right to compensation. He was ex-cused by the express command of the mayor. *O'Leary v. Board of Education*, 93 N. Y. 1, 6; *People v. French*, 43 Am. Rep. 418, note; *Sleigh v. U. S.*, 9 Ct. of Claims, 375. The cases of *Terhune v. The Mayor*, 88 N. Y. 247; and *Westburg v. Kansas City*, 64 Mo. 493, cited by appellant, are clearly distinguishable from the case at bar. (2) Dr. Stevens was, in point of fact, paid by the city only for four days of the time; for the remainder he was paid by the county. The city can, under no rule, avail itself of a payment by the county.

HENRY, C. J.—Prior to the adoption of the scheme and charter by which the city was separated from the county of St. Louis, Howard was appointed by the county court of the county resident physician of the insane asylum. After the vote on the scheme for separa-tion there was a controversy in regard to its adoption, and pending litigation to determine that question the county court of the county, ordered plaintiff to obey its orders in relation to the management of the asylum, and about the same time he was ordered by the mayor of the city to obey the city authorities in its management. If the scheme and charter was adopted the asylum fell within the limits, jurisdiction and control of the city.

The plaintiff, it seems, was loyal to the city, and signified his willingness to obey its authority, and was directed by the mayor to "hold the fort," the county court having prepared to take forcible possession of the asylum, and place Dr. C. W. Stevens in charge as resi-dent physician. Preparations were made on the other side to resist such attempt, and pending these prepara-tions for war, the county court and the mayor of the city had a conference and it was agreed by the belligerents

that plaintiff might remain in the building, but that Stevens should take charge as resident physician until a judicial determination of the controversy. If the decision should be that the scheme and charter had been adopted plaintiff was to be re-instated as resident physician; otherwise Stevens should continue in the office. The litigation resulted in favor of the scheme and charter. The county paid Stevens his salary for the time he had served, but the city refused to pay plaintiff a salary for the same period of time, and plaintiff sued to recover it, and had a judgment in the circuit court, which was affirmed *pro forma* by the court of appeals, and the case is here on the city's appeal.

Plaintiff was legally in office under the city, after receiving the mayor's order to continue as resident physician, until the armistice and agreement by which he was superceded. He was virtually suspended, and his case is not materially different in principle from that of *Westberg v. The City of Kansas*, 64 Mo. 493. Westberg was legally suspended and claimed his salary for the time he was suspended, but this court held he was not entitled to it. Plaintiff, after the agreement, between the mayor and the county court, remained in the building under the terms of that agreement, but not as resident physician. He was under no obligation to remain there, but merely had permission to do so. He was, in effect, by that agreement, suspended during the litigation then pending in relation to the adoption of the scheme and charter. That he protested against the agreement makes no difference. The mayor had the power to suspend or remove him under section 9, of the scheme. The city was not bound to resort to war and bloodshed to keep the plaintiff in office as resident physician. To avoid the serious consequences which might reasonably have been apprehended from a collision between the authorities of the city and county was a

sufficient ground for making the agreement and suspending the plaintiff. As a matter of course plaintiff is entitled to his salary to the date of that agreement.

The judgment is reversed and the cause remanded. All concur.