GEORGE H. BLACKWELL, Respondent, v. CITY OF THAYER, Appellant.

St. Louis Court of Appeals, April 28, 1903.

1. **Municipal Corporation:** MAYOR, SUSPENSION OF: SUIT FOR SALARY: NOT RECOVERABLE DURING SUSPENSION. Suit was instituted by the plaintiff as marshal, to recover his salary as such officer, although he had been suspended from office by the city council, which had authority to do so. *Held,* that he can not recover his salary or wages for the period covered by the suspension, whether he is finally removed from office or not.

2. ———: POWER TO REMOVE INCLUDES POWER TO SUSPEND: REV. ST. 1899, SEC. 5904, CONSTRUED. Under Revised

Blackwell v. City of Thayer.

Statutes 1899, section 5904, providing that in cities of the fourth class elective and appointive officers may be removed by a two-thirds vote of the board of aldermen, and authorizing the board to regulate the manner of impeachment and removals, a city of this class has power to provide by ordinance that, pending the investigation of charges preferred against an officer, he may be suspended by a three-fourths vote of the board of aldermen.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*H. D. Green* for appellant.

(1) A city officer is not entitled to recover any salary during the time for which he is suspended from office on charges preferred for misconduct. Westburg v. Kansas City, 64 Mo. 493; Howard v. St. Louis, 88 Mo. 656; State ex rel. v. Walbridge, 153 Mo. 203; Louis v. St. Louis, 12 Mo. App. 570. (2) The resignation of Blackwell as marshal of appellant city of Thayer vacated the office, without the acceptance of his resignation by the mayor and board of aldermen. Throop's Public Officers, sec. 410; 19 Am. and Eng. Ency. Law (1 Ed.) p. 526s, and cases cited in note 1, 526t. (3) Respondent was legally suspended from exercising the duties of city marshal of appellant city. R. S. 1899, sec. 5904; Ch. 8, sec. 8, Revised Ordinances City of Thayer.

*Harris, Parkham & Meeks* for respondents.

GOODE, J.—Respondent George H. Blackwell was the duly elected, qualified and acting marshal of the city of Thayer, a city of the fourth class.

On April 30, 1902, charges were preferred against him by the mayor, the purport of which was that he was interested in a gambling hall, gambled himself and encouraged gambling by notifying individuals that they might do so within that city without interference. The

first result of the charges was that the council suspended him from office pending an investigation. Impeachment proceedings and several criminal prosecutions were then instituted against him. Blackwell afterwards resigned the office of marshal and both the prosecutions and the impeachment cases were dismissed, the appellant claims, pursuant to a compromise agreement that Blackwell should resign and forego his salary during the time he was suspended from office. It seems that meanwhile Blackwell had instituted an action before a justice of the peace to recover his salary, which action was afterwards dismissed and this one begun.

The defenses are: first, a prior judgment in favor of the city rendered by a justice of the peace in an action involving the same subject-matter this one involves; that is to say, a plea of *res judicata;* second, that Blackwell agreed to relinquish his salary while he was suspended from office in consideration of the dismissal of the prosecutions and the impeachment, and, third, that as a matter of law he was not entitled to a salary for that period whether such an agreement was made or not.

At the trial in the circuit court no evidence was introduced to support the plea of former adjudication, and there was quite a conflict in the testimony as to whether there was a compromise agreement made by which Blackwell released his salary in consideration of the dismissal of the proceedings against him. The point left for determination is, whether, without regard to the disputed compromise, he is entitled to his salary during the time he was suspended, it being admitted that he was not removed from office but voluntarily resigned.

An officer who is lawfully suspended from the performance of his duties can not recover his salary or wages for the period covered by the suspension, whether he is finally removed from office or not. Westburg v. Kansas City, 64 Mo. 493; Howard v. St. Louis, 88 Mo. 656; Lewis v. St. Louis, 12 Mo. App. 570. Those cases

are directly in point, while State ex rel. v. Carr, 3 Mo. App. 6, turned on certain ordinances of the city of St. Louis. The vital question in this case is: Was Blackwell's suspension by the mayor and council a lawful act; that is to say, within their charter powers? The office of marshal in a city of the fourth class is elective, but the power is conferred on the mayor and council to remove an elective officer for cause on a hearing. R. S. 1899, sec. 5904. But does the power of removal carry with it the power to suspend pending the investigation of the charges? On this point there is said to be a conflict of authority with the better opinion in favor of the doctrine that the power to remove does not include the power to suspend temporarily. Mechem on Public Officers, sec. 453. Whatever conflict there may be the point was settled in this State by the decision of the Supreme Court in State ex rel. v. Lingo, 26 Mo. 494. In that case the mayor of the city of St. Louis, pursuant to the charter and ordinances, had suspended Lingo from the office of superintendent of the city workhouse, which appears to have been an elective office at that time, and had appointed the relator. The charter authorized the mayor and council to regulate the election of all elective officers and to provide for removing from office any person holding an office created by the act or by ordinance and not otherwise provided for. Under that charter authority an ordinance had been passed providing for the suspension and removal of city officers, which authorized the mayor to suspend any officer who willfully violated his official obligations and to appoint a person to fill the vacancy for the time being. The question arose for decision whether the portion of said ordinance which authorized the suspension of elective officers by the mayor was valid, and it was held to be valid because the power to remove includes the power to suspend, even in the case of elective officers. That decision is conclusive as to the validity of a similar

ordinance of the city of Thayer, which provided that pending the investigation of charges preferred against an officer, he might be suspended from exercising the duties of his office by a vote of not less than three-fourths of the board of aldermen. Blackwell was suspended by a vote of that majority; hence, his suspension was legal. See also State ex rel. v. Police Commissioners, 16 Mo. App. 48; Shannon v. Portsmouth, 54 N. H. 183.

In State ex rel. v. Police Commissioners, it was said: ''The suspension of an officer pending his trial for misconduct, so as to tie his hands for the time being, seems to be universally accepted as a fair, salutary and often necessary incident of the situation.''

Blackwell's suspension being legal, it follows by force of the decisions first cited, that he was not entitled to a salary during his suspension, as an officer lawfully relieved from the duties of his office ceases to earn a salary. The court below charged the jury that unless the proceedings against Blackwell culminated in his removal from office, he should have judgment for his salary during the period of suspension, a proposition decided the other way in Westburg v. Kansas City, supra.

There was testimony that the action embraced respondent's wages for two days before he was suspended, which, of course, he was entitled to recover.

The judgment is, therefore, reversed and the cause remanded. All concur.