JOHN M. REES v. CITY OF MINNEAPOLIS.[1]

January 22, 1909.

Nos. 15,964, 15,965—(243, 244).

**Term of Office—Finding.**

The evidence justified the trial court in finding that the term of office of the police officers referred to in Rees v. City of Minneapolis, 105 Minn. 246, expired on the seventh day of January, 1907.

After the former appeal, reported in 105 Minn. 246, judgments were entered in the district court for Hennepin county in favor of plaintiff for the sum of $252.43 for the wages of Officer Munger and $267.52 for the wages of Officer Quist. From these judgments plaintiff appealed because he was denied judgment for the services of his assignors between January 7, 1907, and March 21, 1907. Affirmed.

On the previous appeal it was held that the trial court was warranted in finding from the evidence that it had not been the intention of the mayor to suspend the officers without pay.

*John M. Rees,* pro se.

*Frank Healy* and *A. C. Finney,* for respondent.

LEWIS, J.

On the former appeal (Rees v. City of Minneapolis, 105 Minn. 246, 117 N. W. 432) we held that the police officers were entitled to receive compensation during the time they were suspended from duty, viz., from October 7, 1906, to January 7, 1907. The question presented upon this appeal from the judgment is whether the officers were entitled to draw salaries from the seventh of January to March 21, 1907.

Appellant claims that the decision on the first appeal is decisive of the question. The former decision was based upon the ground that under the provisions of the city charter the control of the police force was vested in the mayor, and that for the purpose of discipline the mayor was authorized to suspend police officers, with or without pay, and that under the peculiar circumstances developed by the evidence

[1] Reported in 119 N. W. 484.

the trial court was justified in finding that it was not the intention of the mayor to do any more than suspend the officers pending an investigation into their conduct, and that there was no intention to deprive them of their compensation in the meantime.

On the seventh of January a change took place in the administration, and a new mayor took office. The trial court found that upon the installation of the new mayor the names of these officers were stricken from the rolls, and that they were not reappointed. The mayor thus indicated that it was his intention not to retain the men in the service. It is true that the officers were not required to deliver up their insignia of office until the twenty first of March; but there is evidence reasonably tending to show that during the intervening period the officers fully understood their relation to the administration—that they had not been reappointed and were not considered as holdover appointees. The fact that the insignia of office were not called for until the twenty first of March did not, in itself, conclusively indicate an intention on the part of the mayor to recognize them as hold-over appointees, and his failure to demand their badges of office is not inconsistent with the intention expressed by having their names taken from the rolls. The evidence is sufficient to support the judgment.

Affirmed.

ELLIOTT, J. (dissenting).

If the decision on the former appeal was correct, this decision is wrong. Having approved the former decision, and desiring to be reasonably consistent, I therefore respectfully dissent.