M. B. DALY, Appellant, v. CITY OF CARTHAGE, Respondent.

Springfield Court of Appeals, May 2, 1910.

1. MUNICIPAL CORPORATIONS: Payment of Water Rents: Franchise: Dependent Covenants. In a suit against a city for water rent the defense was that the water company had not complied with the conditions of the contract or franchise ordinance under which the water was furnished, which said ordinance called for certain improvements on the part of the water company. *Held,* that the provisions of the ordinance for the payment of the hydrant rentals by the city, and the provisions for the improvement and extension by the company were dependent covenants and the water rentals could not be collected until the improvements provisions had been complied with.

2. ———: ———: ———: Right of City to Suspend Payment. In a suit against the city for water rent, it appeared that the city had used the water but had notified the water company

Daly v. City of Carthage.

that payment therefor would be suspended until the improvements called for by the franchise ordinance under which the water was furnished had been installed. *Held*, that under the terms of the franchise the city had a right to suspend payment and did not waive this right by the fact of having used the water.

3. ————: Forfeiture of Franchise: Waiver by City. The provisions of a city ordinance granting a franchise to furnish water provided for the expenditure of a large amount of money for improvements, and that a failure to make said improvements within a certain time would render the franchise null and void. *Held*, that this provision was not automatic; that a failure to comply with it in the time therein specified would not *ipso facto* annul the franchise, but that it was a provision which the city might waive and which by its long acquiescence, without taking any steps to secure an annulment, the city had waived.

4. CONTRACTS: Dependent and Independent Covenants: Construction: Intention of Parties. The authorities all agree that in determining whether covenants in a contract are dependent or independent, the intention of the parties must govern. This intention must be gathered from the contract according to the ordinary rules of construction, and where it is the intention to rely upon a provision for performance, and not on a remedy for non-performance, then performance is a condition precedent and must be shown before recovery can be had upon the contract.

5. ————: ————: ————. If a breach of contract can be compensated in damages, then the covenants are held to be independent, and a party must pay for what he receives under the contract, but may recoup the damages he has suffered by the breach of the other party.

Appeal from Jasper Circuit Court.—*Hon. Henry. L. Bright*, Judge.

AFFIRMED.

*McReynolds & Halliburton.* and *A. L. Thomas* for appellant.

A city cannot accept the benefits of the water supplied it by a waterworks company and then, when sued for a recovery of the amount agreed to be paid for the supply of water, urge that the amount supplied was insufficient and for that reason there was a failure to

comply with the contract, and hence the company is not entitled to recover anything. If it wanted to escape payment altogether, it should have terminated the contract and refused to accept any water at all. Joplin W. W. Co. v. Joplin, 177 Mo. 496; Water and Light Co. v. Lamar, 140 Mo. 145; Water Co. v. Aurora, 129 Mo. 540; Wood v. Kansas City, 162 Mo. 303; Hethcock v. Crawford County, 200 Mo. 170; Banking Co. v. Commission Co., 195 Mo. 288, 15 Am. and Eng. Ency. 1081; Wilson v. Charlotte, 110 N. C. 449, 14 S. E. 961; City Council of Montgomery v. Waterworks Co., 77 Ala. 248; Water Co. v. Nicholasville, 36 S. W. 549.

*R. A. Hockensmith* and *Perkins & Blair* for respondent.

In construing a contract, whether its terms are dependent or independent is to be determined upon the evidence showing the contract, and the intention of the party. Clermont v. Robb, 5 Ohio 490; Whittier Mach. Co. v. Graffan (Mass.), 31 N. E. 485; Spreader Co. v. Andrews, 55 N. Y. S. 1020; Lincoln Trust Co. v. Nathan, 175 Mo. 47; Turner v. Mellier, 59 Mo. 526; Strothmeyer v. Zeppenfeld, 28 Mo. App. 273; Haydon v. Railroad, 117 Mo. App. 95; Water Co. v. Winfield, 51 Kan. 119; McClurg v. Price, 59 Pa. 420; 1 Addison on Cont., sec. 321; Mill Dam Fdy. v. Hovey, 21 Pick. (Mass.) 417; Lowber v. Bangs, 2 Wall. (U. S.) 728; Railroad v. Howard, 13 How. (U. S.) 307; Harris v. Sharkles, 202 Pa. 243, 58 L. R. A. 214; Manning v. School Dist. (Wis.), 102 N. W. 356; Hayes v. Bunch, 91 Mo. App. 467; Wade v. Nelson, 119 Mo. App. 278; Fowble v. Insurance Co., 106 Mo. 527.

COX, J.—The original plaintiff in this case was the Carthage Water and Power Company, and by consent this plaintiff has been substituted as party plaintiff as assignee of the water and power company. Plain-

tiff seeks by this action, to recover water rents alleged to be due him from the city of Carthage under contract described as ordinance No. 665 of said city, for the period of time extending from January 1, 1904, to January 9, 1905, for which he alleges there is due the sum of $3065.77.

The answer admits the contract and pleads the ordinance in full, and alleges that plaintiff cannot recover in this action because his assignor has not complied with its part of the contract, and that defendant had suspended payment of hydrant rentals, as provided by the ordinance, and had notified plaintiff of that fact as required, and alleges breaches of the contract by plaintiff's assignor as follows:

1. Failure to put in a new first-class pump.

2. Failure to put in a 16 in. iron intake pipe, and install a filter system as provided by the ordinance.

3. Failure to put in additional mains, and thus increase the capacity for water supply.

4. Failure to put in, at least, ten more district cut-offs so that smaller areas could be isolated in making repairs.

5. Failure to begin work in thirty days and prosecute the same with diligence to completion.

6. Failure to maintain the plant in best and highest condition, and to supply the city with ample pressure, and failure to supply consumers in all parts of the city where mains are laid, and failure to put in, from time to time, necessary improvements and additional works.

7. Failure to purchase and place in the city or adjacent thereto, new material to be used in making improvements, as contemplated by the contract, to the value of $10,000.00.

8. Failure to expend, within twenty months, $100,000 in improving and extending the system.

The evidence on the part of defendant tended to show that plaintiff's assignor had failed in nearly all

of the particulars above described, and that notice, as provided by the ordinance, had been given to it that the city would not pay the hydrant rentals until the conditions were complied with.

Section one of the ordinance provides for hydrant rentals to be paid by the city and then closes with the following provision:

"This contract and rental, however, shall and is hereby made subject to the conditions, requirements and covenants to be performed on the part of said J. T. Linn, or his assigns, to-wit:"

Section two provides that "in consideration of the rental above provided for, to be paid by the city to the said J. T. Linn, or his assigns, the said J. T. Linn, or his assigns, shall, and by accepting·this ordinance and contract does, agree and undertake to extend, reconstruct and improve the waterworks plant as follows:"

Then follows the provision requiring Linn, or his assigns, to do the things above set out and pleaded in the answer.

It is practically conceded that plaintiff's assignor furnished to the city the amount of water it was required to furnish for which this action was brought. The evidence also tends to show that in nearly all of the particulars set out in the answer plaintiff's assignor failed to perform the covenants of the contract upon its part.

The verdict was for the defendant and plaintiff has appealed, assigning as errors the refusal of the instructions asked by plaintiff, and the giving of those asked by defendant, and that the trial court erred in its theory of the trial of the cause, and in the admission and exclusion of evidence for the defendant against the plaintiff.

The contention of plaintiff is that the various provisions of the contract are independent, and not dependent, and that, having furnished the water and the city having used it, the city should pay for it, and if

the plaintiff has breached the contract in any other particular the city should have filed a counterclaim for damages. The contention of defendant is that the purpose of the city in granting the franchise was to secure a system of waterworks that would be adequate to its needs, and that to accomplish this purpose the covenants of the contract on the part of Linn, and his assigns, were inserted therein, and that these covenants and agreements of the city to pay hydrant rentals are dependent covenants, and hence, plaintiff cannot recover because his assignor has failed to perform.

The issues in this case were sharply drawn, and the trial court adopted the view of the defendant and instructed the jury upon that theory, and refused the instructions asked by plaintiff presenting his theory.

The first question to be determined is whether the various covenants in this contract are dependent or independent. If dependent, then plaintiff's action must fail, for the evidence clearly shows that many of the covenants to be performed by his assignor had not been performed. The authorities all agree that in determining whether covenants in a contract are dependent or independent the intention of the parties must govern. [Freeland v. Mitchell, 8 Mo. 488; Larimore v. Tyler, 88 Mo. 660; Neville v. Hughes, 104 Mo. App. 455, 79 S. W. 735.] This intention must be gathered from the contract according to the ordinary rules of construction, and one of the infallible tests is whether or not a breach can be compensated for in damages. If it can be then the covenants are held to be independent and a party must pay for what he receives under the contract, but may recoup the damages he has suffered by a breach upon the part of the other party. [Turner v. Mellier, 59 Mo. 526; Springfield Seed Co. v. Walt, 94 Mo. App. 76, 67 S. W. 938; Haydon v. Railroad, 117 Mo. App. l. c. 95, 93 S. W. 833.]

If a breach cannot be compensated for in damages then the covenants are dependent, and must of neces-

sity be so, else there could be no remedy at all; and where it is the intention to rely upon a provision for performance, and not on a remedy for non-performance, then performance is a condition precedent, and must be shown before recovery can be had upon the contract. [Larimore v. Tyler, supra.]

Reading this ordinance in the light of the surrounding circumstances under which it was adopted we have no difficulty in arriving at the intention of the parties in this case. Prior to the adoption of this ordinance Mr. Linn had been granted a franchise to furnish water to the city which had expired, and water had been furnished for about two years without any franchise and differences had arisen between him and the city, and the plant then in use was considered inadequate and no doubt can be entertained that the voters of the city, whose assent was required to give life to this ordinance, were moved to ratify it by the inducements held out therein through the provisions for enlarging and improving the system. Force is lent to this position by the fact that the ordinance was prepared by a committee appointed by a mass meeting of citizens of the city, and was evidently drawn with a view to protect the city's interests and secure to its citizens an adequate supply of pure water. It is evident that had the voters of the city understood that under this ordinance the plaintiff's assignor could furnish the city water for which it was to pay hydrant rentals and collect therefor without making the improvements called for by the ordinance they would not have ratified it. The officials and citizens of the city must have understood that the payment of hydrant rentals, which was the only source of revenue the plaintiff had from the city as such, was conditioned upon the performance by Linn, or his assigns, of their part of the contract, and in order that Linn might be bound by this provision, and there might be no misunderstanding upon that question, we find that section one of the ordinance which pro-

vides for the payment of hydrant rentals by the city closes with this significant provision: "This contract and rental, however, shall and is hereby made subject to the conditions, requirements and covenants to be performed on the part of said J. T. Linn, or his assigns, to-wit." And section two begins in a way equally as explicit as follows:

"In consideration of the rental above provided for, to be paid by the city to the said J. T. Linn, or his assigns, the said J. T. Linn, or his assigns, shall and by accepting this ordinance and contract does agree and undertake to extend, reconstruct and improve the waterworks plant as follows:"

Then follows the provisions for the improvements and extensions.

When we read these provisions in the light of the surrounding circumstances, we are forced to the conclusion that the parties to this contract have, by its very terms, made its covenants dependent, and when we consider the purposes to be obtained by the granting of this franchise, which were the improvements and extension of the waterworks system, we are confronted with the further proposition that a failure to improve and extend as agreed upon could in no possible way be compensated for in damages because there is no way by which the damages actually suffered could be measured with any certainty.

Our conclusion is that the provisions of the ordinance for the payment of hydrant rentals by the city, and the provisions for the improvement and extension of the system by the plaintiff, were dependent covenants, and plaintiff cannot collect these hydrant rentals until he has performed the obligations imposed upon him by the contract.

There is another reason why plaintiff must fail in this action. This ordinance provides in section eleven as follows:

"The said J. T. Linn, or his assigns, further agree and it is hereby understood that for the enforcement of the performance of any and all conditions of this contract to be done and performed by the said J. T. Linn, or his assigns, the said city may upon the breach by the said J. T. Linn, or his assigns, of any of the provisions hereof, suspend payment for hydrant rentals herein provided for, until such time as said broken condition shall be complied with, and that upon such suspension the mayor of the said city shall immediately notify said J. T. Linn, or his assigns, thereof, and of the provisions of this ordinance, which have been, or are being broken, and that before hydrant rentals so suspended as aforesaid shall be paid to said J. T. Linn, or his assigns, the damages, if any sustained, by said city on account of said breaches of this ordinance shall be deducted therefrom."

Section twelve provides for service of any notice provided for in the ordinance.

The evidence shows that the city had proceeded under this provision and had given notice as therein required, and, hence, were strictly within the terms of the contract itself in refusing this payment. This provision was evidently inserted in the ordinance for the purpose of furnishing the city a means by which to protect itself, and to enforce a compliance on plaintiff's part with the conditions of the ordinance. It was a reasonable and a very wise provision and plaintiff cannot complain that defendant has seen fit to enforce this provision against him.

Plaintiff insists that because the city continued to accept and use the water which was furnished that it had waived the other provisions, and must now be required to pay for what it has received, and to support this contention we are cited to the cases of the Joplin Water Works Co. v. The City of Joplin, 177 Mo. 496, 76 S. W. 960; Water and Light Co. v. The City of Lamar, 140 Mo. 145, 39 S. W. 768; Aurora Water Co.

v. The City of Aurora, 129 Mo. 540, 31 S. W. 946. This case is unlike those cases in many particulars. In those cases, the circumstances under which the ordinance was adopted is not shown, and the provisions of the or-,dinance in this case which show the intention of the parties to make these covenants dependent covenants were not in the contract in those cases. Neither was there provision in them for the suspension of payments of hydrant rentals as there is in this case, and as this defendant proceeded in accordance with the terms of its contract with plaintiff's assignor the doctrine of acceptance and waiver which was applied in those cases cannot be made to apply in this case.

We are also cited to the case of Wood v. Kansas City, 162 Mo. 303, 62 S. W. 433, and other cases as authority for the proposition which plaintiff seeks to apply in this case that the city having received and enjoyed the property of the plaintiff must pay for it regardless of the contract. This doctrine cannot be made to apply to this case for the reason that in this case defendant proceeded in strict conformity with its contract and did not seek to repudiate the debt, but only sought, as it had the right to do, to suspend payment until the plaintiff should purge himself of his own default.

Section eighteen of the ordinance is as follows:

"It is further agreed and understood that as a part payment for the franchise hereby granted J. T. Linn, or his assigns, and for the price asked by J. T. Linn, or his assigns, of thirty-four dollars for each fire hydrant agreed to be paid by the city of Carthage to J. T. Linn, or his assigns, agree to expend, at least one hundred thousand dollars within twenty months from the granting of the franchise in improving and extending the water system for the benefit of the city and other consumers of the city. A failure on the part of J. T. Linn, or his assigns, to comply with the above agreement in the expenditure of not less than one hundred

thousand dollars shall render this franchise null and void."

In view of this provision, the court instructed the jury that the failure of the plaintiff to expend one hundred thousand dollars in improvements and extensions rendered the contract void and plaintiff insists that this was error. In this contention we concur. We do not think this provision in the ordinance was automatic so that a failure to comply with it in the time therein specified would, *ipso facto,* annul the contract. Hook v. Bowden, decided at this term. This was a provision which the defendant might waive, and which, we think, by its long acquiescence without taking any steps to secure an annulment, it has waived. The waiver, however, of its right to insist upon forfeiture or annulment did not operate as a waiver of the provision which authorized them to suspend payment of hydrant rentals; hence, we think that under the evidence in this case, the verdict could not have been otherwise than it was even if this instruction had not been given, and, hence, this error was harmless in this case.

The judgment is for the right party and will be affirmed. *Nixon, P. J.,* concurs. *Gray, J.,* not sitting.