## J. P. Burke *vs.* M. N. Leland *et al.*

Submitted on briefs Oct. 19, 1892. Decided Nov. 23, 1892.

**The Right to a Public Office, how Litigated.**

The title to a public office and the right to exercise its functions cannot be determined in an action for an injunction to restrain the exercise of such functions, but in proceedings in the nature of a writ of *quo warranto* only.

Appeal by plaintiff, J. P. Burke, from an order of the District Court of Faribault County, *Severance*, J., made April 20, 1892, dissolving a temporary injunction.

The village council of the village of Wells in Faribault County was authorized by Sp. Laws 1891, ch. 168, approved April 9, 1891, to issue village bonds to the amount of $8,000 for the purpose of buying a site and building a town hall. Before issuing the bonds the

council was required to submit the question of their issue to the legal voters of the village and obtain the approval of a majority of the voters present and voting. This was done February 2, 1892, and the issue approved. The plaintiff was on March 10, 1891, elected a member of the village council, but at the annual village election held March 8, 1892, the defendants were elected the council, and assumed the duties. They were about to issue the bonds when plaintiff commenced this action, stating he was a voter and a taxpayer of the village, and was elected a member of the council in 1891, and that no one since that time had been duly, lawfully or legally elected to succeed him, and that he was therefore still entitled to act as such officer. He further charged that the defendants had wrongfully, unlawfully and without authority of law, assumed to act as the village council, and had ousted him therefrom, and were about to sell the old town hall and to issue the $8,000 in bonds and build a new one, without any right or authority so to do. He obtained *ex parte* a temporary injunction restraining the defendants, until the further order of the court, from issuing the bonds and from selling the old, or building a new town hall. Defendants filed their answer asserting the legality of their election and subsequent acts, and moved to dissolve the temporary injunction. This was granted and plaintiff appealed.

*Wm. N. Plymat*, for appellant.

*Quinn & Putnam*, for respondents.

VANDERBURGH, J. The plaintiff alleges that he was duly elected trustee of the village of Wells, and is entitled to exercise the duties of that office, and that defendants have unlawfully intruded into the office and usurped the functions thereof, and ousted plaintiff therefrom. The complaint shows that the defendants, wrongfully, unlawfully, and without authority of law, are about to act as the village council of the village of Wells, aforesaid, and, so wrongfully assuming to act as such village council, are about wrongfully to dispose of certain property of the village. The complaint also states that the defendants, "so wrongfully and unlawfully assuming to act as village council of the village of Wells, and without having been duly or law-

fully elected thereto, and without any authority of law therefor, are about wrongfully and unlawfully to issue and sell certain bonds wrongfully purporting to be duly and lawfully issued by the village of Wells, all of which acts are without authority of law." The plaintiff thereupon asks for an injunction restraining them from doing the acts mentioned.

A temporary injunction was issued by the court, upon filing the complaint, but, upon motion, it was afterwards dissolved, and from the order of the court dissolving the injunction this appeal is taken.

It is obvious that plaintiff's claim for relief is based upon the alleged fact that the defendants have unlawfully intruded themselves into office, and are assuming to act as a village council without having been duly and lawfully elected. No other facts are alleged disclosing the illegality of the alleged threatened wrongful acts. It is well settled that the question of their title to the office, and right to exercise its functions, cannot be determined in a suit for an injunction or in *mandamus* proceedings. *State* v. *Williams,* 25 Minn. 340.

The defendants could only be restrained from the performance of acts shown to be unlawful and unauthorized, if attempted to be performed by a lawfully elected council.

The injunction was properly dissolved.

Order affirmed.

(Opinion published 53 N. W. Rep. 716.)