SCHOOL DISTRICT, APPELLANT, V. JENNIE COWGILL ET AL., APPELLEES.

FILED APRIL 5, 1906. No. 14,259.

1. **Injunction: TITLE TO OFFICE.** –The title to public offices, and the rights to exercise the functions thereof by persons claiming title thereto by election, cannot be determined in a suit for injunction.

2. An injunction suit cannot be maintained to restrain the teaching of school by a qualified teacher under a contract signed by *de facto* officers of the school district.

APPEAL from the district court for Phelps county: LESLIE G. HURD, JUDGE. *Affirmed.*

*G. Norberg* and *W. A. Garrett,* for appellant.

*A. J. Shaffer* and *H. M. Sinclair, contra.*

EPPERSON, C.

This action was instituted in the name of school district No. 77 of Phelps county by Homer Fuqua, who claims to be treasurer of said school district. He seeks to restrain the defendant Mrs. Cowgill from teaching the school, and the defendants Doe and Hornbeck, respectively, from acting as treasurer and moderator of that school district. Upon the institution of the suit a temporary order of injunction was issued, which upon trial was dissolved, and the plaintiff's action dismissed. Defendants introduced in

evidence a contract signed by Mrs. Cowgill, as teacher, and by her codefendants as treasurer and moderator, respectively, which contract provided for an eight months' school. Under the terms of the contract Mrs. Cowgill taught the school five weeks, when this suit was instituted. The defendants Doe and Hornbeck, who signed the contract for the school district, claim their offices by reason of an election thereto at the annual school district meeting of 1904. The evidence shows that they were elected to these offices without objection by *viva voce* vote, declared elected and qualified. Doe gave his official bond to the director, who made no objections to the sufficiency thereof, and. Hornbeck filed with the director his written acceptance. About two months later, at a special meeting in which six electors participated, one Hottenstein was chosen moderator. The electors present also elected a treasurer, who did not attempt to qualify. Later the director and Hottenstein appointed Fuqua treasurer. He filed a bond, and now claims that he is the treasurer of said school district, contending that the defendants Doe and Hornbeck are not the officers they claim to be, because elected by *viva voce* vote, instead of by ballot as provided in sec. 1, subd. III, ch. 79, Comp. St. 1903.

The director of the district refused to recognize Doe and Hornbeck as officers, and refused to cooperate with them in attending to the business of the school district, and for this reason, if in fact they were the legally qualified treasurer and moderator, the contract they made with the defendant Mrs. Cowgill was legal. We are therefore expected to determine in this an injunction suit whether or not the contracting officers, when they executed the contract, were legally authorized so to do. In other words, to have granted the plaintiff's petition, the trial court would have been required to inquire collaterally as to the right of the contracting officers to exercise the function of the offices, and to have found that they were not such officers. Mr. Fuqua, who is prosecuting this suit, claims the office of treasurer by an appointment from the director and moder-

ator. The evidence discloses the fact that two persons claim the office of moderator. If Mr. Hottenstein was not moderator, then Fuqua's appointment was void, and plaintiff would have no standing in court. These problems cannot be solved in an injunction suit. In 2 High, Injunctions (4th ed.), sec. 1312, we find the following: "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers, * * * such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum for determining disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the claimant of the office to pursue the statutory remedy, if there be such; or the common law remedy by proceedings in the nature of a *quo warranto.*" In the case of *Burke v. Leland,* 51 Minn. 355, the supreme court of Minnesota refused to entertain an action for injunction to restrain persons assuming to act as members of the village council, the plaintiff claiming that such persons had not been duly and lawfully elected. That court said:

"It is well settled that the question of their title to the office, and right to exercise its functions, cannot be determined in a suit for an injunction or in *mandamus* proceedings. *State v. Williams,* 25 Minn. 340. The defendants could only be restrained from the performance of acts shown to be unlawful or unauthorized, if attempted to be performed by a lawfully elected council."

But plaintiff contends that the acts of defendant, Mrs. Cowgill, in teaching and using the schoolhouse for school purposes, assisted by her codefendants, amounted to a continuing trespass, and therefore it is entitled to the restraining order. But whether or not they are trespassers depends upon their rights to the offices they claim, and, as above stated, that question cannot be inquired into in this

action. If Mr. Fuqua desired seriously an adjudication of the rights of the parties claiming the offices, he should have resorted to the remedy provided by statute in a direct proceeding, wherein the necessary parties were made litigants. The defendant, Mrs. Cowgill, who is a qualified teacher, presented as a defense a contract signed by officers, who were able to and did put her in possession of the schoolhouse for school purposes, and who claim the offices by an election at the annual meeting. If not officers *de jure* they were *de facto*. Proof of the contract was a sufficient defense to the plaintiff's action as to the defendant Mrs. Cowgill.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be