## WILLIAM L. WINDOM v. CITY OF DULUTH.[1]

### June 8, 1917.

### Nos. 20,312—(147).

**Officer — expiration of term — holding over.**

1. Plaintiff claims to have held over in the office of municipal judge of the city of Duluth after the expiration of his term. The statute creating the office contained no valid holdover provision.

**Same — salary while serving in office.**

2. It is conceded that plaintiff is entitled to the salary of the office during such time as he was in possession and was serving the city as municipal judge.

**Same — evidence.**

3. The evidence sustains the finding of the trial court that plaintiff was in possession of the office and was a *de facto* officer up to May 3, 1915, during August and the first 13 days of September, 1915, and that he is entitled to the salary during that period, but the evidence shows that he was not in possession and was not a *de facto* officer from May 3 to July 30, and is not entitled to salary for that period.

Action in the district court for St. Louis county to recover $1,108.33 for salary as judge of the municipal court of Duluth. The answer set out the facts concerning the litigation mentioned in the opinion, alleged that the salary of the office for the time from April 13 to June 30, 1915, had been paid to Judge Smallwood, and prayed that defendant might bring into court the amount due for salary for July, August and the first 13 days of September, 1915, and that Smallwood be brought in as a party to the action in place of defendant. The case was tried before Dancer, J., who made findings and ordered judgment in favor

[1]Reported in 162 N. W. 1075.

of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified.

*John E. Samuelson, Leonard McHugh* and *H. H. Phelps,* for appellant.

*Fryberger, Fulton & Spear,* for respondent.

HALLAM, J.

1. This case is a sequel to Brown v. Smallwood, 130 Minn. 492, 153 N. W. 953, L.R.A. 1916B, 931, and State v. Windom, 131 Minn. 401, 155 N. W. 629. In 1912 plaintiff was elected to the office of judge of the municipal court of Duluth. His term expired at the election April 6, 1915. Laws 1913, p. 107, c. 102. By the terms of the statute, he was to hold over until his successor should be elected and qualified, but this holdover provision was held void in State v. Windom, supra. At the election April 6, 1915, an attempt was made to elect a successor. W. H. Smallwood was declared elected and a certificate of election issued to him. In Brown v. Smallwood, supra, his election was held void and the office declared vacant. The vacancy continued until September 13, 1915, when Judge Smallwood was appointed by the Governor.

In the interim between April 6 and September 13, the office was not without an incumbent. In State v. Windom, supra, it was said in substance that either Judge Windom or Judge Smallwood had been occupying the office and exercising its functions during that time, and that each during his incumbency was a *de facto* judge. This was said advisedly. In other words, it was decided that each had sufficient color of right to render him a *de facto* officer during this period, if in fact in possession of the office.

This action is brought by plaintiff to recover the salary of the office for the full period from May 1 to September 13, 1915. Plaintiff does not claim that he was a *de jure* officer. He does claim some greater rights than are accorded generally to *de facto* officers. He claims that when his term ended and no successor had been chosen it was not only his right but his *duty* to continue in possession of the office and in the discharge of its duties until a successor was regularly chosen, to the end that public business should receive attention and the court should not be left without a judge.

Some decisions give color to this claim. Robb v. Carter, 65 Md. 321, 4 Atl. 282; People v. Oulton, 28 Cal. 45; City of Central v. Sears, 2 Colo. 588; State v. Watkins, 87 Conn. 594 (599), 89 Atl. 178.

On the other hand, such an incumbent is usually spoken of in the decisions as a *de facto* officer. In re Interrogatories of the Senate, 54 Colo. 166 (175), 129 Pac. 811; People v. Beach, 77 Ill. 52; Morton v. Lee, 28 Kan. 286; State v. McJunkin, 7 S. C. 21. And it has been held that a person holding over in this manner may be ousted in proceedings in *quo warranto,* even though no successor has been chosen. People v. Bull, 46 N. Y. 57, 7 Am. Rep. 302; Hawkins v. Cook, 62 N. J. Law, 84, 40 Atl. 781. If such be the case, his incumbency while it lasts is merely permissive.

2. We need not trouble ourselves with the question of plaintiff's proper classification, nor need we determine the question upon which the courts are much divided as to when one not a *de jure* officer may recover the salary of the office. In this case the city manifests a just willingness to pay the salary of the office to plaintiff during such time as he was in possession of the office serving the city as municipal judge. Plaintiff concedes that he has no right to salary if he was not in possesssion. His counsel in their brief states that if Judge Smallwood was in "exclusive possession, then Judge Windom's rights were gone" and that "if Judge Smallwood was *de facto* judge, then Judge Windom's rights were gone during Judge Smallwood's incumbency." The case really narrows down to the question, who was in possession of the office during this period?

3. The finding of the trial court is not explicit on this question. The court found in substance that each of the claimants performed some of the duties of the office, but we think the decision must be construed as finding in effect that Judge Windom was in possession of the office all of the time from May 3 to September 13, and that Judge Smallwood was not in possession at all. To the extent that this finding relates to the period to May 3, to the month of August and to the first 13 days of September, the evidence is sufficient to sustain it. We are of the opinion that this finding, insofar as it relates to the period from May 3 to July 30, is not sustained by the evidence. We may take the testimony of Judge Windom on that point. He testified that

while he presented himself every day, ready and willing to perform the duties of the office, he did not in fact do so. In answer to questions from his own counsel: "The days you presented yourself there, you do not claim that you served as judge?" he answered: "No, I did not interfere with anybody, I simply retained my continuity of office, that is all." He testified further, that Judge Smallwood "was present, assuming to be judge," that he "did act as judge," tried and decided cases on the bench, presiding every day as judge of the court.

The fact is, Judge Windom, during this period, was insisting that he was the *de jure* judge. He was preserving his rights against any claim of abandonment of the office. But plainly he was not in the possession of the office. Clearly, Judge Smallwood was the incumbent of the office from May 3 to July 30. Two persons cannot hold the same office at the same time. Judge Smallwood was the *de facto* judge during that time. Judge Windom was not, during these months either a *de jure* nor a *de facto* judge of the court nor an incumbent of the office of any kind, and he cannot recover the salary of the office. Readiness to perform the duties of an office is in no sense the equivalent of possession of the office and does not avail plaintiff.

We hold that Judge Windom is entitled to recover the salary of the office up to May 3, and for the month of August and the first 13 days of September; but not for the remaining period in controversy.

Judgment may be entered in accordance with this opinion.