# WILLIAM F. MARKUS v. CITY OF DULUTH.[1]

### November 2, 1917.

### No. 20,490.

**Suspension of officer — proceeding under civil service regulations.**

1. In the absence of statute so declaring, the commencement of proceedings under civil service regulations for the removal of a public officer does not of itself operate as a suspension of the officer pending the proceeding, nor deprive him of the right to continue in the office and receive the compensation incident thereto.

**Compensation of de jure officer — payment to de facto officer.**

2. The payment of the compensation to a de facto officer who is installed in the office with notice of the rights of the de jure officer, who is wrongfully excluded from the office, is no defense to an action by such de jure officer to recover the compensation for the period during his wrongful exclusion.

**Removal of officer.**

3. Proceedings for the removal of a public officer under civil service regulations, when removal can be made for cause only, are judicial in character and an order of removal issued therein takes effect and becomes operative from its date.

**Same — effect of order of removal.**

4. Where there is no suspension of the officer pending the proceeding the order does not relate back to the date of the commencement thereof.

[1]Reported in 164 N. W. 906.

138 M—15

Action in the district court for St. Louis county to recover $600 salary as building appraiser from April 1, 1916, to October 1, 1916. The case was tried before Ensign, J., who at the close of the testimony denied plaintiff's motion for a directed verdict for the amount demanded, and a jury which returned a verdict for $510.75. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*W. H. Gurnee,* for respondent.

BROWN, C. J.

At the time of the adoption of the home rule charter of the city of Duluth in the year 1912 plaintiff was and for some time prior thereto had been in the employ of the city as a "building appraiser;" his services being rendered under the direction of the city assessor. His tenure of office was indefinite as to time, but the position came within the civil service provisions of the charter, and under section 36 thereof plaintiff was entitled to retain it until removed for cause by the civil service commission. He was dismissed from the service by the city assessor on June 1, 1913, without authority, for a removal of one holding the particular office could only be made by the civil service commission. No charges were preferred against him and he was afforded no opportunity to be heard before the order of dismissal was made. The evidence justified the jury in finding as a fact that he protested against his summary removal, and did not acquiesce therein, nor abandon his claim to the office. He was subsequently given other temporary employment in the assessor's office, but was never reinstated to his former position, or subsequent to his dismissal permitted to perform the duties thereof. At the time he was so dismissed from the service one McLean was appointed to a position in the office, to whom were assigned the duties of building appraiser, being those theretofore performed by plaintiff. Whether McLean was appointed as the successor of plaintiff is not made clear by the record. The assessor, who made the appointment, testified that he did not think his act of appointment should be so construed. But, whatever may have been the intention in that respect, it remains clear that McLean thereafter performed in part, if not all, the duties of the particular position and

was paid therefor by the city. Not being successful in his efforts to gain reinstatement to his former position, plaintiff brought an action in March, 1916, to recover the compensation attached thereto, for and during the time he had been excluded therefrom and up to the first day of April, 1916. He established his right to recover in that action and was awarded a verdict which was subsequently paid by the city. Immediately thereafter proceedings were commenced before the civil service commission for plaintiff's removal. Charges of incompetency were filed upon which a hearing was had which resulted in a formal order of removal by the commission, bearing date June 23, 1916. Being dissatisfied with such order plaintiff sued out a writ of certiorari in review thereof by the district court. The order was reversed and in all things set aside by an order of the court of date August 31, 1916. The reasons or grounds upon which the court based the order are not here material. Thereafter, on October 6, 1916, plaintiff brought this action to recover the salary attached to the office for the period from April 1 to October 1, 1916. A verdict was returned in his favor and from a judgment rendered thereon defendant appealed.

1. The case as presented by the record does not call for extended discussion. Plaintiff's recovery in the former action necessarily established his right to the office, as the de jure officer; that he had been illegally and wrongfully removed therefrom, had not abandoned the office and was entitled to the compensation attached thereto by law during the time he was wrongfully prevented from discharging the duties of the same. Such facts were essential to his right of recovery, and nothing appearing to the contrary we are bound to assume that they were found in his favor. Defendant's counsel recognized this situation and following the former verdict caused removal proceedings to be commenced to formally and finally oust plaintiff from the office. But the commencement of those proceedings did not as a matter of law suspend the rights of plaintiff during the pendency thereof. Rees v. City of Minneapolis, 105 Minn. 246, 117 N. W. 432. There was no order of suspension, at least none appears from the record, and plaintiff's rights continued pending such proceedings precisely as they had previously existed. On similar facts we have held the excluded officer entitled to recover. Parish v. City of St. Paul, 84 Minn. 426, 87 N. W. 1124, 87 Am. St. 374; Larsen v. City of

St. Paul, 83 Minn. 473, 86 N. W. 459; Sclawr v. City of St. Paul, 132 Minn. 238, 156 N. W. 283. See also People v. Stevenson, 272 Ill. 215, 111 N. E. 595; and U. S. v. Wickersham, 201 U. S. 390, 26 Sup. Ct. 469, 50 L. ed. 798. Windom v. City of Duluth, 137 Minn. 154, 162 N. W. 1075, is not in point. The evidence made the question whether plaintiff acquiesced in his dismissal from the office one of fact and the verdict of the jury is fully sustained.

2. Subsequent to the recovery in this action defendant revived the removal proceedings pending before the civil service commission, amended the petition therein and thereafter, on further hearing the commission in December, 1916, made a valid order of removal, thereby effectually terminating plaintiff's right to the office. The contention of defendant that the order of removal relates back to the commencement of the original proceeding, and takes effect as of that date, namely, June 9, 1916, is not sustained. The proceeding for the removal of plaintiff was judicial in character, and the order entered therein has the force and effect of a judgment, effective and operative from its date. The question probably would present a materially different aspect in a case where the officer was suspended during the removal proceedings. But there was no such suspension. State v. Megaarden, 85 Minn. 41, 88 N. W. 412, 89 Am. St. 534.

3. The further contention that since another was appointed to the office and performed the duties and was paid the salary attached thereto plaintiff, though the de jure officer, is not entitled to recover for the period during which the de facto officer was so discharging the duties and receiving the compensation, cannot be considered, for it was not presented to the court below. And, moreover, the evidence does not show that McLean was appointed to the particular position, or as the successor of plaintiff. In fact the city assessor, the appointing power, leaves the matter by his testimony in much doubt. So we pass the point without further remark, except to say, that if the contention made is not in conflict with the Parish, Larson and Sclawr cases above cited, it can have application only in cases where the payment to the de facto officer is made in good faith, and without notice of the rights of the de jure officer. Such facts do not appear in this case. The former recovery necessarily established plaintiff's de jure title and right to the office. That

was a judicial determination of his rights of which defendant was fully advised, for it was a party to that action. And, conceding the rule for present purposes to the extent just stated, payments to the de facto officer thereafter made cannot well be said to have been made without notice of the rights of plaintiff. The converse of the proposition affirmatively appears, as well as the fact that the payments were entirely voluntary. In that situation the fact that the de facto officer has received the salary cannot be interposed to defeat plaintiff's de jure claim. Fylpaa v. Brown County, 6 S. D. 634, 62 N. W. 962. In Parker v. Board of Suprs. of Dakota County, 4 Minn. 30 (59), the payment to the de facto officer was without notice of the rights of the de jure claimant. We do not question the rule of that case.

This covers the case, and all that need be said in disposing of the points made. The evidence supports the verdict, and there were no errors on the trial justifying a new trial.

Judgment affirmed.