## HENRY J. GUDE v. CITY OF DULUTH.[1]

November 7, 1919.

No. 21,437.

**Municipal corporation — wrongful exclusion from office — liability for salary.**

Within the rule stated and applied in Markus v. City of Duluth, 138 Minn. 225, it is *held* that the evidence justified the jury in finding that plaintiff was wrongfully excluded from his employment, which was protected by the municipal civil service regulations, and that he did not acquiesce in such exclusion or abandon the position held by him.

Action in the district court for St. Louis county to recover $2,300 for salary. The answer alleged that if plaintiff was at any time employed as a regularly qualified inspector by the department of public works he had abandoned all claim to the office and to the salary attached thereto. The case was tried before Dancer, J., who when plaintiff rested and at the close of the trial denied defendant's motions to dismiss the action, and at the close of the testimony motions of the respective parties for a directed verdict, and a jury which returned a verdict for $1,713.07. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $1,200, and if consent were given the motion was denied. The consent was given. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*W. H. Gurnee,* for respondent.

BROWN, C. J.

For a number of years plaintiff was in the employ of the city of Duluth

[1] Reported in 174 N. W. 614.

as an inspector in its department of public works. He was in the classified service and entitled to the benefits and protection of the civil service regulations provided for by the city charter, under which he could be removed from the employment for cause only. Provision was made by such regulations for "laying off" employees whenever there was no work in the particular department to do, which was applicable to the position held by plaintiff. But an employee so laid off is entitled to precedence in reinstatement according to his seniority in the service. Plaintiff was laid off in October, 1916, but was never reinstated, being excluded from the position by the employment of others to do the work, who as to plaintiff were junior in rank in the service. He made repeated demands for reinstatement, but was refused, and in October, 1918, brought this action to recover the salary attached to the position during the period of his exclusion. He had a verdict in the court below and defendant appealed from an order denying its motion for judgment or a new trial.

The questions presented do not require discussion. The case in its controlling facts cannot be distinguished from Markus v. City of Duluth, 138 Minn. 225, 164 N. W. 906, and like cases therein cited. Under the civil service rules plaintiff was entitled to preference in the matter of reinstatement and this was denied him; in fact restoration to the service, preferential or otherwise, was in effect refused, though no proceedings for his removal under the civil service regulations were commenced against him. His exclusion from the service was therefore wrongful and unlawful, a violation of the letter as well as the spirit of the civil service law, and, within the rule applied in the Markus case, entitled him to compensation during the period of exclusion. Whether he acquiesced in the action of the head of the department in so excluding him from the service, and whether he abandoned the position held by him, were questions of fact for the jury, and the verdict in his favor thereon is not opposed to the weight of the evidence. The proper method of removing plaintiff from the employment was by direct proceedings under the civil service regulations, and not by indirection and without charges as here attempted.

This covers the case and all that need be said in disposing of the points made. We discover no error in the record, the evidence supports the verdict, and the order denying a new trial must be and is affirmed.