Action by Carpenter Baking Company, a corporation, plaintiff, against Bakery Sales Drivers Local Union No. 344, Auto Truck Drivers Joint Council No. 50, Elmer Johnson, Joseph Reichartz, Gilbert Schlechta, and G. McMicken, defendants, commenced on August 15, 1940, to restrain defendants from conduct calculated to coerce and intimidate plaintiff's employees; from following plaintiff's employees and delivery trucks while the trucks were being used to deliver bakery products to customers; and from inciting and attempting to persuade persons not to deal with plaintiff or plaintiff's employees. The complaint alleged that plaintiff's employees are engaged in the sale and delivery of its products; have refused to designate defendant Bakery Sales Drivers Local Union *Page 368 
No. 344 as bargaining representative; that no labor dispute exists between plaintiff and its employees; that defendants entered a conspiracy contrary to the provisions of sec. 343.681, Stats., to injure plaintiff's trade and business for the purpose of compelling plaintiff to coerce its employees to become members of defendant unions. The complaint alleges that in furtherance of the conspiracy defendants in cars followed the delivery trucks of plaintiff and sought to dissuade plaintiff's customers from purchasing bakery products sold by plaintiff's employees on the ground that the employee was not a member of defendant unions. The answer alleged that plaintiff had engaged in conduct which was in violation of the National Labor Relations Act and had been found guilty of such conduct by an intermediate report of an examiner of the national labor relations board after public hearing. The answer further set forth that the conduct of defendants was merely a peaceful and truthful advertisement of the fact that plaintiff's employees were not members of the defendant Bakery Sales Drivers Union. Defendants further set up that in so far as any of defendants' actions are violations of ch. 111 and secs. 103.535 and 103.62 (3), Stats., these statutes are unconstitutional and void; that assuming that they are not, chs. 111 and 103, Stats., are inapplicable because plaintiff is engaged in interstate commerce and plaintiff does not come into court with clean hands and is entitled to no relief.
The case was tried to the court largely upon a stipulation of facts, and the court duly made and entered findings of fact and conclusions of law in which it held that conduct of defendants constituting a violation of sec. 111.06 (2) (a), (b), (e), and (f), Stats. Judgment was entered on December 16, 1940, in accordance with the findings and conclusions, and defendants were restrained from adopting means and engaging in conduct intended and reasonably claimed to coerce and intimidate plaintiff's employees; from following plaintiff's employees' delivery trucks while the trucks were being used to deliver *Page 369 
products to plaintiff's customers; from inciting or attempting to persuade persons not to deal with plaintiff or plaintiff's employees, or with retail dealers offering plaintiff's products for sale; from otherwise intentionally molesting plaintiff or interfering with its business. Defendants appeal.
Upon this appeal Mr. Justice FOWLER, Mr. Justice FAIRCHILD, and Mr. Justice MARTIN are of the opinion that the judgment should be affirmed. Mr. Chief Justice ROSENBERRY, Mr. Justice FRITZ, and Mr. Justice WICKHEM are of the view that the judgment should be reversed. This situation necessarily results in affirmance of the judgment appealed from. Zohrlaut v. Mengelberg, 148 Wis. 592,134 N.W. 1135.
Judgment affirmed.
The following memorandum was filed October 7, 1941: