ED. RYAN v. HENNEPIN COUNTY AND OTHERS.[1]

July 25, 1947.

No. 34,511.

*Frank J. Williams* and *Edward J. Shannon,* Assistant County Attorneys, for appellants Hennepin County, Robert F. Fitzsimmons, and George A. Totten, Jr.

[1]Reported in 29 N. W. (2d) 385.

*Drake* and *Drake,* for appellants Emmett L. Primeau, James C. Finnegan, Michael J. Fahey, Charles W. Hamilton, Blanche M. Hamilton, and Walter W. Kaminski.

*Fowler, Youngquist, Furber, Taney & Johnson* and *John R. Goetz,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues as a citizen and taxpayer for an injunction to restrain the county auditor of Hennepin county from issuing and the county treasurer thereof from paying warrants for payment of compensation to six persons claiming to be deputy sheriffs of the county. We shall pay no attention to the allegation that plaintiff sues as a citizen, for the reason that he claims no rights in virtue of that fact, and because, if he did, the claim would be without merit. See, Loomis v. McCahey, 297 Ill. App. 479, 17 N. E. (2d) 1015.

The dispute here, in the final analysis, is as to which of two groups of persons, each six in number and claiming to be deputy sheriffs, is entitled to compensation as such. Both groups, one of which for convenience we shall refer to as the Brown group because they were appointed by Mr. Earle Brown while he was sheriff of Hennepin county, and the other of which we shall refer to as the Ryan group, claim to be the *de jure* deputy sheriffs and as such entitled to the compensation in question.

The Brown group was appointed by Mr. Brown during his tenure as sheriff, which expired on the first Monday in January 1947. The Ryan group was appointed by Mr. Ryan, who was elected at the general election held in November 1946, qualified as such, and became sheriff on the first Monday in January 1947. He did not reappoint the Brown group and notified them in writing to that effect. He appointed the full number of deputies authorized by law, thereby filling the places held by members of the Brown group.

Claiming that they were discharged contrary to the provisions of L. 1945, c. 607, the Brown group appealed to the classification and salary commission provided for in the statute. Briefly, the statute provides that there shall be a classification and salary commission

in all counties having a population of 500,000 or more inhabitants, which includes Hennepin county; that the commission shall be composed of nine elective officers of the county enumerated in the statute; that the commission shall have the power *annually* to approve, disapprove, and modify classified lists of positions and salaries submitted by the "employing" officers of the several departments of the county, including the power to alter or change the classification or salary of any position; that the act shall extend to the office of sheriff; that "The classified service shall include all positions now existing in the departments listed in the foregoing paragraph, whether now established by law or by the board of county commissioners, and all positions hereinafter created by law or by the board of county commissioners and the commission jointly, as provided in Section 7 of this act"; that departmental expenditures for compensation of employes may be increased or decreased "each year" according to a procedure stated; that "No person employed in any department shall be discharged, demoted in salary or position, or suspended for more than thirty days in any year, except as hereinafter provided"; that the board of county commissioners "annually" shall appropriate sufficient money to effectuate the purpose of the act and carry on the operations of the commission; that "Until the compensation and classification of employees are determined by the commission, they shall continue in such positions as they now occupy and receive such compensation as they are now paid"; and that "This act insofar as it is applicable shall suspend the operation of all other laws regulating and providing for county employees and their compensation."

The Brown deputies, upon appeal to the classification and salary commission, claimed that they were wrongfully discharged by Mr. Ryan. There was a hearing before the commission, of which Mr. Ryan is a member, but he did not participate in the hearing of the appeal, because it involved a review of his official acts. At the hearing, he objected to the jurisdiction of the commission upon grounds not made very clear in the record, but which we understand to be: (1) That c. 607 is unconstitutional; and (2) that it does not apply

to the instant case because of the claim that the offices of the Brown deputies expired by operation of law with the expiration of Mr. Brown's term as sheriff and that consequently there was no discharge as a matter of law. The commission overruled the objection and made the following order:

"That the Commission order Ed. Ryan, the sheriff, to reinstate forthwith Emmett L. Primeau, James C. Finnegan, Michael J. Fahey, Charles W. Hamilton, Blanche M. Hamilton and Walter W. Kaminski, and that they be paid back salary to the time they were suspended."

Plaintiff as sheriff and not as a taxpayer instituted certiorari proceedings in the district court of Hennepin county to review the order of the commission.

The Brown deputies claimed that the order of the commission, as a matter of law, establishes their right to the office of deputy sheriff claimed by them. Plaintiff claims that the order is void upon its face, for the reasons urged before the commission, which he has elaborated here, with the further one that c. 607 has no application upon the ground that the power of a sheriff under M. S. A. § 387.03, to appoint deputies has been in no way repealed or amended by c. 607. In any event, plaintiff's right to an injunction depended upon a determination that the Brown deputies had no title to the office of deputy sheriff and that the Ryan deputies did have title thereto.

The district court held in favor of plaintiff upon the ground that there was no discharge of the Brown deputies within the meaning of c. 607, for the reason that the terms of the Brown deputies had expired with the expiration of Mr. Brown's term as sheriff and that they had no title to the office of deputy sheriff. The lower court did not consider or decide the other points mentioned.

In Doyle v. Ries, 205 Minn. 82, 83, 285 N. W. 480, 481, we held that "It is settled law that title to public office will not be determined in a suit for injunction." In accord: Burke v. Leland, 51 Minn. 355, 53 N. W. 716; State ex rel. Addison v. Williams, 25

Minn. 340 (mandamus). See, State ex rel. Carlson v. Strunk, 219 Minn. 529, 18 N. W. (2d) 457 (mandamus).

The reason is plain. The right to be protected by injunction must already exist. A court of equity cannot create a right and then protect it by injunction. Board of Water Commrs. v. Belland, 113 Minn. 292, 129 N. W. 389. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." Shell Oil Co. Inc. v. Richter, 52 Cal. App. (2d) 164, 168, 125 P. (2d) 930, 932. In accord: Watson v. Santa Carmelita Mut. Water Co. 58 Cal. App. (2d) 709, 137 P. (2d) 757; Brunswick v. Elliott, 70 App. D. C. 45, 103 F. (2d) 746.

Where the right to be protected by injunction depends upon title to an office which is disputed and which has not been established by proceedings in quo warranto, decision involves not only a determination of the question of title to the office, but establishing the title itself as the subject or as the source of the rights to be protected. Determination of title to public office is beyond the competence of equity. Such questions can be determined only in quo warranto proceedings. They involve the assertion of public right, which can and should be enforced only by public authority. Burke v. Leland, *supra;* State ex rel. Addison v. Williams, *supra;* School District v. Cowgill, 76 Neb. 317, 107 N. W. 584; State ex rel. Deal v. Alexander, 107 Iowa 177, 77 N. W. 841; Annotation, 93 A. L. R. 283.

In the Addison case, *supra,* while the proceeding was in mandamus, the same principles were involved as here, in that in both an action for an injunction and a proceeding in mandamus the right asserted must be an established one and that in neither can the title to a public office be determined as the basis of the rights to be enforced. There, the relator, who held a certificate of appointment by the county board to fill a vacancy in the office of county treasurer, which became vacant under Minn. Const. art. 4, § 9, upon respondent's election to and taking the office of representative in the state legislature, brought mandamus to compel respondent to surrender possession of the records and property of the office of county treasurer. There, as here, the relief demanded could not be granted with-

out determining title to the public office involved. We refused to grant a writ of mandamus, and held that where a proceeding involves an investigation of the title to an office (25 Minn. 343) "the parties will be left to a determination of the disputed questions of title, by proceedings upon information in the nature of a *quo warranto,* since this is the only remedy by which judgment of ouster can be had against an actual incumbent * * * of the office. * * * and if it is apparent that the relator's rights cannot be determined without such an investigation into respondent's title,. mandamus will not lie." We there pointed out that there is fundamental reason for refusing to determine title to an office in an action involving a purely private controversy between private parties, in that the former involves public rights enforceable *only* by public authority, while the latter involves private rights enforceable by private parties. We there further said (25 Minn. 343) :

"As a matter of first impression, it might be thought a sacrifice of substance to form to require the relator to resort to a *quo warranto,* rather than afford him the desired relief in the proceedings now before us—a mere turning him out of one door, to bid him enter at another. But a little reflection will show that this is a mistake. * * * In the second place, the usurpation or wrongful holding of a public office is a public wrong. Like other public wrongs it should be redressed by public authority, (High on Remedies, §§ 69, 70, and authorities cited;) and in accordance with this idea, our statute commits and entrusts the authority to institute and conduct proceedings of this kind solely to the attorney general. Gen. St. c. 79, § 3."

In the instant case, plaintiff seeks to enforce not his individual rights, but those of the public.

The compensation and fees annexed to a public office are incident to the title to the office, and not to its occupation and exercise, or to usurpation and colorful possession of it. Gude v. City of Duluth, 144 Minn. 109, 174 N. W. 614; Markus v. City of Duluth, 138 Minn. 225, 164 N. W. 906; Larsen v. City of St. Paul, 83 Minn. 473, 86 N. W. 459; State ex rel. Egan v. Schram, 82 Minn. 420, 85 N. W. 155.

Therefore, it follows that whether the Brown group or the Ryan group is entitled to compensation as deputy sheriffs depends upon which has legal title to the offices. The court had no jurisdiction to determine the question of title in this action. Where title to a public office is in dispute and the question of title has not been determined in quo warranto proceedings, injunction should not issue to restrain the payment of the salary or fees of the office. Colton v. Price, 50 Ala. 424; Stone v. Wetmore, 42 Ga. 601; McClutchey v. Milwaukee County, 239 Wis. 139, 300 N. W. 224, 917, 137 A. L. R. 628; Note, 42 A. S. R. 236-237.

In McClutchey v. Milwaukee County, *supra,* plaintiff, suing as a taxpayer, as here, was denied an injunction restraining defendant from paying the salary of an employe illegally appointed in violation of civil service law. Decision was put upon numerous grounds, including the one that the right asserted was a public one enforceable only by public authority. The court said (239 Wis. 141, 300 N. W. 225):

"* * * If a mere public right is to be vindicated, or the evasion of law to be prevented by injunction, the action should be brought by the district attorney or some public officer or body especially charged with the duty of enforcing the law. If brought by a private person it must be pursuant to a statute especially empowering the private person to bring it under the circumstances existing. This action is brought merely to vindicate and prevent evasion of the civil-service law, and there is no statute authorizing a private person to bring such action."[2]

Plaintiff relies, as did the trial judge, upon Johnson v. City of Milwaukee, 147 Wis. 476, 133 N. W. 627, which holds to the contrary. But the holding in that case that the validity of the title to a public office may be inquired into in an injunction case is contrary to our decisions cited above. The Johnson case was repudiated by the Wisconsin court in the McClutchey case, which is precisely like the in-

[2] This rule has been recognized in this state, where the charter of the city of St. Paul expressly confers such rights upon a taxpayer. Oehler v. City of St. Paul, 174 Minn. 410, 219 N. W. 760.

stant one. The court which decided the Johnson case no longer considers it as authority. Neither should we.

Because the trial court here determined that the Ryan deputies were the *de jure* deputies and the Brown deputies were not, it determined title to office, which was beyond its jurisdiction in this case. For that reason, its decision should be and it is reversed and the action should be dismissed.

Reversed with directions to dismiss the action.

