# GEORGE P. PHILLIPS v. C. A. BRANDT AND OTHERS.
## CLIFFORD E. LARSON AND RALPH L. ANDERSON, APPELLANTS.[1]

June 30, 1950.

No. 35,121.

[1]Reported in 43 N. W. (2d) 285.

*Cronin, Mitchell & Spooner,* for appellants.

*John F. Bonner,* City Attorney, and *Carsten L. Jacobson* and *Palmer B. Rasmusson,* Assistant City Attorneys, for respondents.

Thomas Gallagher, Justice.

Action by George P. Phillips, plaintiff, as a resident taxpayer of the city of Minneapolis in behalf of all other taxpayers therein, against C. A. Brandt, acting city comptroller, John F. Bonner, city attorney, Carsten L. Jacobson, assistant city attorney, and Gladys E. Miller, city treasurer, all of the city of Minneapolis, to permanently enjoin defendants from approving city payrolls, or countersigning any city warrants for payments of salary by virtue thereof to defendant Carsten L. Jacobson in excess of the sum of $455 per month, his salary as assistant city attorney; to enjoin defendant Carsten L. Jacobson from performing the duties of *first* assistant city attorney, a position distinct from that of assistant city attorney; and to enjoin defendant John F. Bonner from assigning to defendant Carsten L. Jacobson the duties of *first* assistant city attorney.

Following the trial of the action, the court on May 7, 1949, made findings and conclusions and ordered judgment in favor of plaintiff in substance as follows:

That under the city charter and rules of the civil service commission enacted pursuant thereto, the position of first assistant city attorney was then and had been vacant since June 6, 1947.

That on August 29, 1947, the city council had assigned the duties of such position to defendant Carsten L. Jacobson, and had authorized payment to him of the salary of such position; that said Carsten L. Jacobson was then assistant city attorney and had not been certified by the civil service commission to the position of first assistant city attorney, which was separate and distinct from that of assistant city attorney.

That neither the city attorney nor the city council had power to fill said position, and that their acts in assigning or attempting to assign the duties thereof to defendant and authorizing the payment of the salary thereof to him were invalid.

That proper procedure required the city attorney to request authorization from the city council to requisition the civil service commission for certification of an eligible person to the position of

first assistant city attorney, and that such proceedings had not been taken.

That plaintiff, as a taxpayer, was entitled to bring an action to enjoin or restrain defendants from disbursing public funds in payment of salary to defendant Carsten L. Jacobson in excess of the amount he was entitled to receive as assistant city attorney.

Judgment based on such findings was ordered. Defendants' motion for amended findings or a new trial was thereafter denied.

Subsequent to the findings, conclusions, and order for judgment, plaintiff, George P. Phillips, departed permanently from Minneapolis, and defendant C. A. Brandt was succeeded in the position of city comptroller by Al Hansen, who had been duly elected thereto.

Defendants other than Brandt thereupon moved for leave to file a supplemental answer alleging the foregoing facts and praying for a dismissal of the action by virtue of the termination of Phillips' interest therein. At the same time, the attorneys for Phillips moved for an order authorizing Clifford E. Larson and Ralph L. Anderson, who at all material times were property owners and taxpayers of the city of Minneapolis, to be substituted as plaintiffs in the action, and substituting Al Hansen, city comptroller, as defendant in lieu of C. A. Brandt, acting city comptroller. Defendant C. A. Brandt moved for leave to file a supplemental answer setting forth the termination of his position as acting city comptroller.

The respective motions of these defendants were granted, and the motions of Clifford E. Larson and Ralph L. Anderson were denied. In a memorandum attached to its order on such motions, the trial court set forth that in its opinion it was without power, inherent or otherwise, to grant the latter motions. Therein it stated:

"No authority has been submitted, nor has the Court been able to find any whereby third parties, strangers to the action, even though they may be taxpayers can be substituted."

The trial court pointed out that an immediate appeal might be taken if defendants would stipulate for the substitution of the new plaintiffs, but this defendants refused to do.

This appeal is by Clifford E. Larson and Ralph L. Anderson from the order denying their motion to be substituted as plaintiffs. It is their contention that the original action was brought on behalf of all taxpayers to restrain the illegal expenditures of public funds, and that they, as taxpayers, had the right to be substituted as plaintiffs following the disqualification of the original plaintiff after trial; that they had the right to have substituted as a party defendant the successor in office to C. A. Brandt, the former acting city comptroller; and that the court possessed the power, inherent and by virtue of statute, to make its order to such effect.

Defendants assert that (1) the order appealed from is not an appealable order; (2) the original plaintiff, George P. Phillips, having no interest in the action distinct from that of other taxpayers, was an improper party plaintiff in the first instance, and that defendants' motion for judgment on the pleadings because thereof should have been granted before trial; (3) the trial court was without authority, statutory or otherwise, to make an order substituting Clifford E. Larson and Ralph L. Anderson as plaintiffs in this action; and (4) if such authority existed, its exercise was within the discretion of the trial court, and that, in the absence of abuse thereof, this court should not interfere therewith.

We believe that the order which denied the motion of appellants Larson and Anderson for substitution of their names as representative plaintiffs in this action is appealable under M. S. A. 605.09(5), which provides:

"An appeal may be taken * * *:

* * * * *

"(5) From an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken;"

The purpose of the motion, as indicated by its language, is to substitute the names of Larson and Anderson for that of Phillips as representative plaintiffs, in order that "final judgment may be rendered thereon for the protection of the rights of the taxpayers of the city of Minneapolis."

Phillips' disqualification and departure would suspend the proceedings indefinitely or permit defendants to obtain judgment for dismissal, unless the court ordered other names from within the class for which the action was instituted to be substituted for his. The denial of the motion therefor prevented Larson and Anderson, already parties plaintiff in the action, although unnamed, and all other taxpayers for whose benefit the action was instituted, from entering the judgment which had been ordered in their favor. Under such circumstances, it would seem clear that the order denying appellants' motion is appealable under § 605.09(5).

■ Defendants assert that under § 605.09(5) only orders which prevent *any* judgment in an action may be appealed, and that, since the order here does not prevent a *judgment of dismissal in favor of defendants,* from which an appeal may be taken, it cannot be said to determine the action and prevent a judgment so as to be appealable under this section.

We do not agree with this construction. We feel that an order which finally determines the action and prevents entry of a judgment already ordered in favor of a party thereto falls within the classification set forth in § 605.09(5). While judgment for dismissal may constitute a final determination of an action, so also does an order which denies to the prevailing party the right to enter a judgment previously ordered in his favor.

■ Defendants rely upon Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, as support for their contention. There, we held that an order denying a motion to bring in additional parties is not appealable. The motion here is not to bring in additional parties, but to designate by name parties already plaintiffs by virtue of the fact that they are within the class for which the action was brought.

As stated, this suit was instituted by Phillips in a representative capacity in behalf of all taxpayers of the city. Larson and Anderson were taxpayers at that time. They were taxpayers thereafter throughout the trial and at the time of their motion, and would be bound by the ultimate judgment obtained in the action. Kaufer v. Ford, 100 Minn. 49, 110 N. W. 364; Ahlquist v. Commonwealth Elec.

Co. 194 Minn. 598, 261 N. W. 452. Their status is defined in 39 Am. Jur., Parties, § 44, p. 919, relating to representative suits, as "parties * * * in a sense before the court; * * * quasi parties, and * * * parties in substance and legal effect." Under these principles, Chapman v. Dorsey, *supra,* which was not a representative suit, can have no application here.

■ It is urged that Phillips was without authority to bring the action in the first instance, since the complaint established that the acts complained of did not cause him any special injury, and that defendants' preliminary motion for judgment on the pleadings based upon this contention should have been granted. Reliance is placed upon Ryan v. Hennepin County, 224 Minn. 444, 29 N. W. (2d) 385, to support this proposition.

The action is to determine whether the salary of *first* assistant city attorney has been and is being paid upon the authorization and by the direction of defendants, notwithstanding the fact that the position is alleged to be and was found vacant. If plaintiff's claims in this respect are sustained, it follows that he and other taxpayers are affected by such illegal expenditures, since the source of funds for the payment of the challenged salary is the taxes paid by plaintiff and taxpayers represented by him.

We have frequently upheld the right of a taxpayer to institute a suit of this kind. The statutory authority therefor is found in § 540.02, which provides:

"* * * when the question is one of common or general interest to many persons, or when those who might be made parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

Flynn v. Little Falls Elec. & Water Co. 74 Minn. 180, 77 N. W. 38, 78 N. W. 106; Williams v. Klemmer, 177 Minn. 44, 224 N. W. 261; Cranak v. Link, 219 Minn. 112, 17 N. W. (2d) 359.

In Oehler v. City of St. Paul, 174 Minn. 410, 417, 219 N. W. 760, 763, specific authority for the representative suit was found in St. Paul charter provisions, but we stated:

"* * * Without the charter provisions, it is well settled that a taxpayer may, when the situation warrants, maintain an action to restrain unlawful disbursements of public moneys; to recover for the use of the public subdivision entitled thereto money that has been illegally disbursed, as well as to restrain illegal action on the part of public officials."

■ Ryan v. Hennepin County, 224 Minn. 444, 29 N. W. (2d) 385, *supra*, is not to the contrary. There plaintiff, as sheriff and as a representative taxpayer, instituted proceedings to restrain payment of salaries to designated individuals claiming to be his deputies, appointed by his predecessor in office, on the ground that their terms as such deputies had ended with the expiration of the term of his predecessor. The case was determined upon the basis of plaintiff's capacity as *sheriff* rather than upon his *representative capacity*, since he claimed no rights by virtue of the latter. There, we determined only that title to public office could not be determined in injunction proceedings, and that the establishment of title to office in quo warranto proceedings must precede an equitable action to enjoin payment of salaries to employes claiming it.

Here, plaintiff's claim of injury is on the basis of his status as a taxpayer in common with other taxpayers. His action is not to try the title to the office of *first* assistant city attorney. He alleged and the court found that this office at all times involved had been vacant. The action is to prevent payment of the salary of such office to *anyone* while the office is thus vacant, and to prevent payment of such salary to defendant Jacobson while he holds another office under charter provisions. Under such circumstances, we feel that the Ryan case has no application here, and that Cranak v. Link, 219 Minn. 112, 17 N. W. (2d) 359, *supra,* and like cases, sustain plaintiff's authority to bring this action under § 540.02.

■ The trial court's memorandum indicated that the motion for substitution was denied because of the court's assumption that it was without power, discretionary or otherwise, to make the order requested. We are of the opinion that the court possessed inherent

power, to be exercised in its discretion, to make the order of substitution.

We have frequently recognized the inherent discretionary power of the court thus to proceed independent of statute. Johnson v. Hartford Acc. & Ind. Co. 187 Minn. 186, 245 N. W. 27; Lambertson v. Westerman, 200 Minn. 204, 273 N. W. 634; Veranth v. Moravitz, 205 Minn. 24, 284 N. W. 849; Schau v. Buss, 209 Minn. 99, 295 N. W. 910. The principles involved are well expressed in National Power & Paper Co. v. Rossman, 122 Minn. 355, 142 N. W. 818, Ann. Cas. 1914D, 830. While that case did not relate to a representative taxpayer's suit, it did involve the inherent power of the court to order substitution of a plaintiff from a class for whose benefit the action was originally instituted, to wit: the stockholders of a corporation. Therein we stated (122 Minn. 362, 142 N. W. 821):

"It is urged that these stockholders should assert their rights in an independent action. We cannot hold that they were obliged to do so. It appears that considerable expense has been incurred in this action, in framing issues, in taking depositions of witnesses and in preparing for trial. * * * It is accordingly important to them that this action be kept alive, if it is possible to do so. * * *

* * * * *

"* * * The case is not one of statutory intervention. It is rather a substitution of parties. The stockholders have not the requisite interest for intervention under the statute until the officers or directors of the corporation fail in their duty. They may then assume full charge of the prosecution. * * * But, by whatever name the procedure be known, we regard the rights of the parties clear in principle and well sustained by authority."

We hold that it is within the discretion of the trial court to substitute a member of a class for whose benefit the action is brought as representative plaintiff following the death or disqualification of the original plaintiff. Our conclusion in this respect finds ample support in the courts of other states. See, Siegel v. Archer, 212 Ind. 599, 10 N. E. (2d) 626; Barnard v. Kruzan, 221 Ind. 208, 46 N. E.

(2d) 238; Manning v. Mercantile Trust Co. 37 Misc. 215, 75 N. Y. S. 168; Hallett v. Moore, 282 Mass. 380, 185 N. E. 474, 91 A. L. R. 572; Lee v. City of Casey, 269 Ill. 604, 109 N. E. 1062.

Here, the trial court has not exercised its discretionary power, and it cannot be said that we are called upon to interfere with the exercise of discretionary powers. The case must be remanded so that a decision may be made on the motion and issues pursuant to the power which the court previously felt it did not possess. The case and the principles involved are of importance. Defendants will not suffer the loss of any appellate rights should the court, in its discretion, permit substitution, which, it would seem, would be in the interest of a speedy and final determination of the matter.

■ We believe the court should have granted the motion to substitute Al Hansen, city comptroller, as a party defendant in place of C. A. Brandt, acting city comptroller. After the commencement of the action, Al Hansen had been elected city comptroller, and C. A. Brandt, assistant city comptroller who at the time action was commenced was acting city comptroller, had ceased to hold the latter position.

The weight of authority is to the effect that if an action relates to the performance of a continuing duty pertaining to a public office irrespective of the incumbent, the action does not abate upon expiration of the term of the original officeholder, named as defendant therein, and his successor may be substituted and is bound by the judgment. Thompson v. United States, 103 U. S. 480, 26 L. ed. 521; City of Bisbee v. Cochise County, 50 Ariz. 360, 72 P. (2d) 439; Porter v. Maule (5 Cir.) 160 F. (2d) 1; People ex rel. La Chicotte v. Best, 187 N. Y. 1, 79 N. E. 890, 116 A. S. R. 586, 10 Ann. Cas. 58; Newton v. Altheimer, 170 Ark. 366, 280 S. W. 641; State ex rel. Sheboygan County v. Telgener, 199 Wis. 523, 227 N. W. 35; First Nat. Bank v. Burke, 201 Iowa 994, 196 N. W. 287; Hines v. Stahl, 79 Kan. 88, 99 P. 273, 20 L.R.A.(N.S.) 1181, 131 A. S. R. 280, 17 Ann. Cas. 298; Stone v. Bell, 35 Nev. 240, 129 P. 458; Currie v. Baltimore & Ohio R. Co. 54 Ohio App. 505, 8 N. E. (2d) 453; Wood v. State ex rel. Seiler, 155 Ind. 1, 55 N. E. 959; Eureka Pipe Line

Co. v. Riggs, 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A, 995; Hardee v. Gibbs, 50 Miss. 802.

Here, the duty involved is a continuing one pertaining to the office, irrespective of the incumbent. The action, therefore, did not abate at the end of C. A. Brandt's term as acting city comptroller, and the court should have granted the motion to substitute Al Hansen as city comptroller in his stead as party defendant.

Reversed and remanded for further proceedings in accordance herewith.

MR. JUSTICE MATSON took no part in the consideration or decision of this case.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

