Lee C. SMITH, et al., Respondents,

v.

Joseph P. SPITZENBERGER, et al., Appellants.

No. C0-84-1688.

Court of Appeals of Minnesota.

Feb. 26, 1985.

Sarah E. Arendt, Minneapolis, for respondents.

William D. Harper, Harper & Anderson, Cottage Grove, for appellants.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Respondents obtained a temporary injunction restraining the cancellation of a contract for deed. Appellants claim the trial court did not have the authority to issue the preliminary injunction because respondents had not commenced an action before obtaining the injunction. We affirm.

## FACTS

Appellants sold a house to respondents on August 25, 1980. The purchase price was $75,600.00. Respondents paid $11,-900.00 in cash, assumed a mortgage of $50,622.58, and entered into a contract for deed of $13,077.42 for the remaining balance. The contract for deed had a balloon payment on October 1, 1983.

Respondents claim appellants made fraudulent misrepresentations when the house was sold, including adequacy of wiring, missing storm windows, water leakage in the basement, and condition of the roof. When the balloon payment became due on the contract for deed, respondents tendered a reduced balloon payment of $3,929.31 reflecting costs they associated with appellants' purported misrepresentations. The tender was rejected. The parties' counsel negotiated for six months, but no settlement was reached.

On May 15, 1984, respondents were served with the statutory cancellation of contract for deed notice. *See* Minn.Stat. § 559.21 (1982 & Supp.1983). The notice was signed by appellants' attorney and designated him the person authorized to receive payments. The notice provided a 90 day period in which to cure the contract for deed deficiency.

On July 19, 1984, respondents served a notice of motion and motion seeking to enjoin the contract for deed cancellation. In a supporting affidavit, respondent Lee Smith stated, "It is our intention to have a lawsuit for fraud commenced prior to our hearing before this court on the 27th." A hearing on the motion was scheduled for July 27 but continued to August 7.

Meanwhile, a summons and complaint were drawn by respondents' counsel. Respondents' process server tried continually for three weeks to serve appellants, but they could not be located at home, work, or by phone. Appellants did not personally appear at the August 7 hearing, did not file any responsive papers, and their counsel, who did appear, would not accept service for them. He indicated he thought they were out of town. Respondents' attorney held the complaint in her hand at the motion hearing and told the court of the futile attempts to commence this action prior to the motion hearing. All of this prompted remarks from the bench regarding the lack of cooperation between attorneys.[1]

On August 13, 1984, the trial court issued an order and amended order enjoining appellants from cancelling the contract for deed. Respondents were required to deposit $9,118.19 security. On the last day of the statutory redemption period, August 15, 1984, respondents were able to serve appellants with the summons and complaint. On August 23, 1984, the trial court amended its August 13 orders and refunded a portion of the security to respondents.

## ISSUE

Did the trial court have authority to enjoin the cancellation of contract for deed under Minn.Stat. § 559.211 (1982)?

## ANALYSIS

1. Appellants claim the trial court did not have the authority to issue a temporary injunction under Minn.Stat. § 559.211 (1982) because respondents did not establish that an "action" was pending. Minn. Stat. § 559.211, subd. 1 (1982) provides:

> In an action arising under or in relation to a contract for the conveyance of real

1. No transcript was provided. The facts here were taken from the respective briefs of the parties, not controverted by the other party.

estate or any interest therein, the county or district court, notwithstanding the service or publication pursuant to the provisions of section 559.21 of a notice of termination of the contract, has the authority at any time prior to the effective date of termination of the contract and subject to the requirements of Rule 65 of the Rules of Civil Procedure for District Courts * * * to enter an order temporarily restraining or enjoining further proceedings to effectuate the termination of the contract, including recording of the notice of termination with proof of service, recording of an affidavit showing noncompliance with the terms of the notice, taking any action to recover possession of the real estate, or otherwise interfering with the purchaser's lawful use of the real estate.

*Id.*

■ Under section 559.211 and principles of equity, a trial court may not grant injunctive relief unless an underlying cause of action exists.

Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist *before* injunctive relief may be granted.

*Ryan v. Hennepin County,* 224 Minn. 444, 448, 29 N.W.2d 385, 387 (1947) (emphasis added).

■ Appellants' attorney had implied authority to accept service in this matter. Effective service was made when respondents' attorney tendered the summons and complaint at the motion hearing on August 7, 1984. Ordinarily, "[i]t is no part of the duty of an attorney, nor is it within his power as an attorney, to admit service for his client of an original process by which the court obtains jurisdiction for the first time of his person." *Masterson v. Le Claire,* 4 Minn. (Gil. 108) 163 (1860). "However, an attorney retained to bring a suit may be impliedly authorized to receive service of process in a related suit which involves the very object for which he was initially appointed." 7A C.J.S. *Attorney & Client* § 196 (1980); *see United States v.*

*Bosurgi,* 343 F.Supp. 815, 818 (S.D.N.Y. 1972).

■ In this matter, appellants' attorney was retained to negotiate a settlement of the parties' dispute. When negotiations failed, the same attorney prepared the notice of cancellation of contract for deed and designated himself the person to receive payments. The statutory notice contemplates and advises the vendee of the possibility of adjudicating any claims or defenses to the cancellation proceeding. Appellants' counsel appeared at the August 7 hearing on a motion directly involving the property covered by the notice of cancellation. Under these circumstances, we find appellants' counsel was impliedly authorized to accept service of respondents' summons and complaint.

■ 2. Even had we not reached the above conclusion, we note the trial court had authority to issue the temporary injunction after August 15. The trial court retained the authority to issue the temporary injunction because personal service of the summons and complaint was made on appellants and the motion hearing was held before the redemption period ended. *See D.J. Enterprises of Garrison, Inc. v. Blue Viking, Inc.,* 352 N.W.2d 120, 122 (Minn.Ct. App.1984), *pet. for rev. denied* (Minn. Oct. 11, 1984).

■ 3. The granting of a temporary injunction is well within the trial court's discretion and will not be overturned absent a clear abuse of that discretion. *See Cramond v. AFL–CIO,* 267 Minn. 229, 234–35, 126 N.W.2d 252, 256–57 (1964). Appellants did not submit any documents or affidavits in opposition to respondents' motion and supporting affidavit. Appellants' allegations concerning the propriety of the temporary injunction do not show an abuse of the trial court's discretion.

## DECISION

The trial court had authority to issue a temporary injunction restraining termina-

tion of contract for deed proceedings under the special facts in this matter.

Affirmed.